UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. MAHER,<br><br>    Plaintiff<br><br>  -vs-<br><br>DELAWARE & HUDSON RAILWAY COMPANY, INC., d/b/a C.P. RAIL SYSTEM,<br><br>    Defendant | NO. 3:CV-03-909<br><br>(Judge Kosik) |

## **MEMORANDUM AND ORDER**

This matter is before the court on the defense motion for a new trial pursuant to Fed.R.Civ.P. 60(b) based on "recently obtained information about one of the jurors failing to honestly answer a Voir Dire question" in a plaintiff's case against the defendant railroad under the Federal Employers Liability Act, 45 U.S.C. §51, *et seq*., and the Federal Safety Appliance Act, 49 U.S.C. §20302(a)(1)(A). The motion has been briefed and is opposed by the defense.

Background

This case went to trial on December 13, 2004 after jury selection. Plaintiff Maher was seeking damages for injuries he suffered during the course of his employment which prevented him from returning to work for the defendant railroad. There was no dispute that the base of a fallen tree, which came from property not owned by the defendant, came to rest on the railroad track as the locomotive of the defendant approached and collided with the tree.

On December 16, 2004, the jury returned a verdict finding the defendant not negligent. A timely appeal was filed on January 13, 2005 claiming the trial court erred by denying two proposed instructions on the railroad's duty to inspect third-party premises under the general theory of negligence. On February 6, 2007, the United States Court of Appeals for the Third Circuit affirmed the lower court in an eleven-page opinion discussing the alleged errors advocated by plaintiff.

While the appeal was pending, plaintiff filed the present motion on July 12, 2005, some seven months after the trial in the case commenced. The new trial motion was initially denied without prejudice pending the outcome of the appeal which could very well have mooted the need for the motion for new trial. Since the filing of the appellate decision, the new trial motion has been renewed.

### Discussion

In his motion, Maher claims to have recently (as of July 12, 2005) obtained information that one of the jurors failed to honestly answer a voir dire question, and that the "facts of this matter establish intent on the failure to disclose relevant information . . .". Plaintiff claims that had the information been disclosed honestly, the juror would have been disqualified by the court.

Plaintiff premises his lack of "honest and truthful information" about the juror's alleged failure to respond to a voir dire question from the court "substantially similar" to a suggested question submitted by plaintiff:

> (6) Have you or anyone in your immediate family ever brought or participated in any civil lawsuit or legal proceeding, in any court, whether it went to trial or not, as party, witness, or any other capacity? If so, briefly describe.

Plaintiff claims there was no response from the particular juror other than his residence, age, employment, and later questioning that his wife was a school teacher. Actually, except for his wife's employment, the information was taken from a printout provided counsel which was taken from a juror questionnaire.

While the voir dire is not recorded in our civil cases, it was the practice of this court to fashion its own voir dire questions after considering those submitted by counsel. At the conclusion of the court's inquiries, counsel are then permitted to address the jurors with additional questions or in following up on the judge's questions. Although plaintiff represents the court's questioning used "substantially" the same form as submitted by his counsel, it has been this court's consistent practice, confirmed by its notes in criminal cases as well, to inquire if any prospective juror or member of their immediate family have been involved in any court action seeking damages for personal injury (in a criminal drug case, whether anyone has been charged with or had problems with drugs). The questions are always tailored to the specific type of case being addressed at jury selection in order to establish similarities to the case on trial. In the present case, we have no recollection that either plaintiff or the defense had objection to limiting questions used by the court. Nor did plaintiff's counsel ask the questions he submitted. Defense counsel's notes corroborate our practice with indications that another prospective juror who was seated to serve, responded that she had prior claims, both as a plaintiff, as well as a defendant. At the conclusion of its voir dire, the court always concludes by asking if the jurors know of any reason why they could not serve and render a fair and impartial verdict based on the evidence presented at trial, as well as the charge of the court.

We noted earlier that plaintiff filed the present motion some seven months after trial for reasons he recently learned before the motion. Without further explanation, plaintiff notes that the juror in question was involved in a sizeable lawsuit resulting from civil rights violations involving his wife as a school teacher. The case was commenced by plaintiff and his wife in 1997 and removed to federal court because it involved 42 U.S.C. §1983. The case followed a history of criminal charges against the wife resulting in her acquittal. Although the civil rights case was protracted, plaintiffs settled the bulk of the case for $600,000.00. Other portions were either dismissed or resulted in a defense verdict which

was affirmed on appeal, but not without an expression of sympathy from the court. The experience hardly suggests an assumption of bias.

Both sides appear to agree that the seminal case in our situation is *McDonough Power Equipment, Inc. v. Greenwood, et al.*, 464 U.S. 548, 104 S.Ct. 845-850 (1984). The case set forth a two-pronged standard:

> We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.[1]

In *Gonzales v. Thomas*, 99 F.3d 978, 984 (10th Cir. 1996), *cert. denied*, 520 U.S. 1159 (1997), the court stated that a party cannot satisfy the first part of the *McDonough* test by merely demonstrating a juror provided a "mistaken, though honest, response to a question." *McDonough* at 104 S.Ct. 849-50. A party challenging the verdict must demonstrate the juror in question "failed to answer honestly a material question." *Id.* at 849, and that the *McDonough* test is directed at intentionally incorrect responses.

Most cases on this subject admonish against hauling in jurors after a verdict in order to probe for potential instances of bias. Such inquiries may lead to evil consequences. *United States v. Gilsenan*, 949 F.2d 90, 97 (3d Cir. 1991), *cert. denied*, 504 U.S. 987 (1992), citing *United States v. Ianniello*, 866 F.2d 540, 543 (2d Cir. 1989) which also held any post-trial inquiry or hearing must be held when a party comes forward with clear, strong, substantial and incontrovertible evidence that a specific, non-speculative impropriety has occurred.

Although plaintiff advocates a hearing at this late stage, it would be most difficult to determine if dishonesty, as suggested by plaintiff, is involved here because our recollection

---

[1] The court noted that demonstrated bias may result in a juror being excused for cause; hints of bias not sufficient to warrant challenging for cause may assist parties in exercising the peremptory challenges.

of the voir dire questions we ordinarily ask, differed materially from the question proposed by plaintiff. A response to the question based on the past experience of the subject juror would not have disqualified the juror for cause any more than it disqualified another juror who was actually seated and served to verdict. Thus, the second prong of *McDonough* is not satisfied since plaintiff fails to offer proof that dishonesty existed as a valid basis to challenge for cause. A hearing need not be held at the behest of a party whose allegations, if established, would not entitle it to relief. *Gilsenan*, *supra*. at 97.

Had there been a reason for the subject juror to disclose his past experience with the judicial system, it did result in a successful conclusion in spite of its protracted nature. It would not have established a reason to excuse the juror for cause.[2] It would be speculative to conclude that plaintiff would have exercised a preemptive challenge to the juror in light of the fact that plaintiff did not exercise such a challenge to the one juror who was previously involved in damage litigation.

For the foregoing reasons, we will **DENY** the motion for a new trial.

SO ORDERED.

                                                  s/Edwin M. Kosik
                                                  United States District Judge

Date: March 5, 2007

---

[2]Plaintiff's brief states that in this case, the juror failed to respond truthfully to a question on the jury questionnaire, resulting in an opportunity to even challenge for cause. We assume this assertion to be inadvertent since there is no question of such a nature on the questionnaire.